All the next case, we have Ms. Kirby and Mr. Cruz versus Officer Sherwin and Officer Good morning, Counsel. Good morning. Good morning. My name is Paul D'Aragiotti. I represent Officers McGill and Sherwin and I'm here to argue on their behalf regarding their denial of qualified immunity at the trial court. It seems to me that the argument is a really narrow one. It's actually a fairly unique qualified immunity case that I've seen. Most qualified immunity cases we're arguing about whether the alleged conduct was in fact constitutionally excessive or not. Yes. That in fact I think in the in the reply brief you essentially concede that if true and no one's saying that what happened what is alleged happened we still that still has to be found by a finder of fact but if true that that would be a constitutionally excessive. The argument you seem to be making is the pleading is not plausibly alleged that your clients, Officers Sherwin and McGill were the ones who actually committed the the violence or participated or contributed to the violence against Ms. Kirby and Mr. Cruz. Correct? That is exactly what we're arguing. Okay. Why can't what see here's how I read the complaint. Again we have to read it in the light most favorable to not you but to the plaintiff's hearing. There's an allegation that the sheriff instructed officers to be be physical with the protesters. Again these are just the allegations. The arrest the officers were in the vicinity and close when a close vicinity or close proximity to where the violence happened. They were the people who signed the arrest reports to have it happened and it's alleged that them and or unknown officers were the ones that committed the violence. Why is it not plausible at this stage at least as an alternative allegation that the officers who signed the report were close by were instructed to commit violence in a protest that resulted in a lot of violence and that is alleged that they and or someone else committed the violence cannot be plausibly alleged that they did it. Sure and I focus strictly on the allegations and the amended complaint against my officers specifically. Right. The district court at page 12 of its opinion basically held that based upon paragraphs 54 and 55 where there's this end or dichotomy. Right. Combined with the allegations that the these protesters were there peacefully not threatening the police not throwing rocks or doing whatever might have happened that day. The district court held that because of the that that that juxtaposition of those two allegations that there was enough to claim an excessive. Right and and we review that de novo anyway and so I've laid out for you I've read the complaint I think we all have many times and I've laid out for you what I think are at least plausible allegations that we have to take as true for purposes of this hearing. Why when read together is it not plausible to say that doesn't have to be in other words slightly above possible but plausible that these officers were the ones who committed at least participated in the violence. Because if you look at paragraphs 23 25 which state that the same officer who actually laid hands on the plaintiffs here were the ones that committed the excessive force violations then you go to paragraphs 26 26 through 29 that actually separate the claims out. 26 and 27 address the false arrest claims and specifically name my clients and then 27 excuse me 20 27 and 28 29 they specifically address the John Doe defendants using excessive force against the plaintiffs. Is your argument that because they don't allege they only allege with specificity as to your clients being the ones who did the alleged unlawful arrest but don't with specificity allege that your clients were the ones who unlawfully attacked Kirby and Cruz that therefore it's not plausible? Yes your honor because if you if you look at those specific paragraphs and then you compare them to paragraph 32 where they use this close proximity language it almost leads not almost it does lead the reader up until that point to to understand that. We don't parse these things like statutes and contracts I mean we I understand that it could plausibly be read the way that you are but just because there's one plausible reading of it doesn't exclude other plausible readings of it and and that's that's the thing about a complaint we it could it could be read and viewed and inferences can be made in any number of directions. One direction is what you're saying is there's arrest officers and then there's violence officers but another is that the arrest officers were nearby were instructed to commit violence and in fact them or the others were the ones who did commit the violence and I can't tell you for sure at the moment but why is that not plausible to suggest that the officers who actually signed the arrest report and were nearby when the whole thing happened and were told to participate in violence were ones committing violence? If you look at the totality of the complaint where they co-mingle the claims and the defendants and count one they're saying that up until that point they're saying that my clients filled out the arrest dockets and they committed. That's important to me that they filled out the arrest. Had I apologize your honor. I mean we can kind of take judicial notice of what an officer fills out an arrest warrant. He's got a lot of information and the inference in this case is that they were right there and saw it. If they are there's another problem with a case like this. There's only so much that a plaintiff can allege because the defendants or the sheriff let's say has all of the evidence. It's almost the kind of a case where you have a presumption but there that would be an innovation in the law if we did one but the point is all of the evidence is the defendant's possession as it were. And so if they allege anything more and didn't know about it they're violating rule 11 aren't they? Our concern here is that they. No you agree with that. I would agree with that yes. If they made allegations. If they make allegations they cannot prove because they don't have the information. They'd violate rule 11. I agree. So you got a huge ethical problem going on here too. Our argument here is that the the the plaintiffs were not in danger of putting incorrect information in the in the complaint. They didn't put barely any information in the complaint and I would argue that under Florida's statutory regime for public records they could have gained some some information before filing their complaint and putting enough factual. But counsel if you're in a melee and two or more people are beating you and you're not exactly sure who that is but you do know that two officers wrote the arrest reports. They were close by and the officers were generally instructed to commit violence that day and a lot of others were committing violence on them and others. Why is that not plausible that they were the ones that participated? Not that it happened not that we know for sure but plausible. Because this circuit has set out your your honors have set out a standard elements that that need to suffice to state a claim for failure to intervene. They need to be there. We're not talking about failure to intervene. This is an issue that I have that we haven't quite explored yet but I'm only talking about excessive force. The the the district court's order the district court read count one as an excessive force count clearly. It was argued to them below as an excessive force count. On excessive force the district court found that the officers plausibly contributed to the excessive force. That's the exact words that the district court used. So my only question is isn't that plausible that they not I don't I don't know that I disagree with you on if we view this as a failure to intervene claim but as an excessive force claim it seems to me that it's plausibly alleged that the officers contributed or participated in the force. And again I I kind of circle back and I know because of the narrowness of this issue I keep having to circle back to the totality of the of the allegations in the complaint. All they're saying is that they're they're parsing out what what each individual officer did. What they're parsing out because they have a rule 11 issue. So what they can say and not be in in fear that they have a rule 11 issue. Then they in the counts specific specify that you know your clients and or other unnamed defendants unlawfully attacked your your Caribbean cruise. So the the issue here is we're at a motion to dismiss stage. I mean this is from my perspective and I only speak for myself this is more appropriate for a summary judgment once there's been discovery. Because at this point I think that they plausibly alleged. I'm running out of time but I'll be happy to answer that question when I get back. Thank you we appreciate it counsel. And you have five minutes for rebuttal. Thank you. Good morning your honors. Neil Henrickson on behalf of the appellees. So absolutely anchoring the claims against the two officers specifically listed in paragraphs 26 and 27 is the specific allegation from the arrest report. That they're the arresting officers. So that that it not just simply they filled out the form but as arresting officers. And that's what as part of the... Can I ask you about the nature of the claim? Sure. Part of the presented to us is the nature of count one. So I want to explore that and maybe drill down on that a little bit. So count one is titled what? Excessive force. Excessive force. And when a motion to dismiss was filed to say hey this needs to be dismissed because you haven't plausibly alleged that my clients committed excessive force. What did you respond in your response? Did you say no no no this is really a failure to intervene claim? No. We said it was excessive force and based on Velasquez versus City of Halilea and other cases that say if you're an officer in right there in the proximity while excessive force is happening it's the as the Velasquez case said you know if there's a hood over someone's head and they can't see who the officer what exact officer is doing it that that's part that's excessive force. So but we agree that the not as a separate claim as part of excessive force. Right yes okay and the district court in its order so the district court carefully reads the complaint reads the arguments how did the district court understand this claim? Did it ever mention failure to intervene? No I think the district court said plausible allegations are these two officers participated in the excessive force. So as it lies to us that's we we only take the football as it's presented to us we're not we the football has been created it's handed over to us this is handed to us as an excessive force case correct? Absolutely. Okay so we can do away with or like not at least at this point and you can feel free to do whatever you want below if this is reversed or this is remanded but right now we have to look at this as an excessive force case. Correct. Okay so then as to that the and or is an interesting thing and I understand the concept of we don't really know who did this but it's never quite alleged that we don't really know who did this that sort of argued to us but it's never alleged in the complaint because I think you don't want to admit that you don't actually know who who struck the blow although it's logical that you might not know so instead the way it's phrased is two people we don't know were there and did stuff and these arresting officers we know were there because they're the arresting officers and they were close by and so them and or these other people we don't know were the ones that committed the alternative pleading that I'm not sure I've seen before. Well your honor and and this is outside the pleading and that I would raise right we had a social media video uh that showed the arrest we don't believe and there's no identification that would say this is the officer we have no sworn testimony we have a sworn arrest report that says here are the officers the two uh appellants that did the arrest the the social media video shows an arrest we don't believe the sworn arrest report it could be false we don't know that for sure what we know is that the government has represented in fact presented for prosecution to the state attorney a sworn report saying these two are the arresting officers that's the dilemma that's the and or is that not enough then for in other words is that not enough for rule 11 purposes to say these were the ones who arrested and the violence occurred during the course of the arrest well we had legitimate doubt about the veracity of that arrest report about the arresting officer it's questionable now it could turn out those are the arresting officers who committed the violence or they were right there when the violence was committed um and and that's sort of the dilemma for the pleader in terms of addressing i guess what i'm asking is it would not have violated rule 11 it would seem to me to have sued the officers who were arrested under the plausible inference that they were the ones that committed the violence we did and then if you just through discovery have found out that it was not in fact them and others there's a mechanism for that sure but there was more than one officer that's the dough the dough one in the dough two there was not just one officer and i and i get that and so it'd be fine to say arresting officer you know officer sherwin or officer mcgilla and john doe were the ones who did it but the and or suggests that that it comes let me finish it suggests that officer sherwin and officer mcgilla did not do it that it was only possible and not plausible that they did it i think after this i would not use and or after after these kind of briefings uh but i i think it creates a plausible allegation at this stage of the case viewing the evidence in a light most favorable taking the allegations as true uh to support the district court's uh denial of the motion for qualified immunity if there are any other questions i'd be happy to answer thank you thank you so qualified immunity exists for this very this very reason council is arguing to you that didn't know who did what they're suing everybody basically a shotgun style plea but qualified i'm sorry to interrupt but qualified immunity is not about this it's about whether the what the whether the the action that happened violated an officer knew that that action would have violated a constitutional right qualified immunity doesn't exist to say well it could have been this guy or that guy that did it that's not qualified immunity absolutely because the the standard for qualified immunity is that every reasonable officer would know that that action was unconstitutional and but they still have to articulate a constitutional violation and here they haven't well they have they've we just your your point is they haven't we're not sure it's against us or someone else exactly you've conceded they've alleged a constitutional violation against some entity somewhere but these two officers are before the court and it's it's from their point of view and i understand the the analysis is taken from the from the material facts of the case and the plaintiff's but from their point of view they have asserted that there is not a constitutional violation alleged against them and why was the arrest report not enough in other words let's assume a complaint that said this officer sherwin and officer mcgilla arrested uh miss kirby and mr cruz they signed the arrest report as the arresting officers and during the course of the arrest this violence happened which you concede was excessive um would that not plausibly allege that they were the ones that alleged that they actually did it but they i just told you don't don't fight my hypothetical go with it i just gave you my hypothetical is that plot to that does that plausibly allege a violation under those circumstances yes your honor so i just don't see why this is all that much different just because they ended they they added the and or another guy or another person we don't know because they're not identifying counsel is arguing that this is a straight out he's saying this is not a failure to intervene in paragraph 32 counsel saying that they were not there actually administering the blows so how can you can either have one or the other but you can't have both and that's kind of what they're trying to present to the court so tell me where in paragraph 32 it says they were not there each of the defendants and other jso officers were in close proximity that means they were there i mean close proximity i mean i is a relative term i i don't know what i know but we i understand it's not metaphysically defined for you here but we view it in the light most favorable to to the to the plaintiff here close proximity is really close and again i i and i know that we're we're saying that this is not a failure to intervene case but the failure to intervene cases this is not velocity i agree if this if they had only alleged failure to intervene and they all they said was two people were close i agree with you that would be insufficient you're 100 right as to that but in an excessive force case where the only question is did they plausibly allege whether two officers were the ones who committed the violence and it is alleged one the sheriff instructed his underlings to commit violence on the protesters two that they these people were close by three they were they violence how does that plausibly allege that they committed the violence if we rely specifically as the district court did focus straight on paragraphs 54 and 55 to the exclusion of the other paragraphs but we reviewed de novo i don't i'm not bound by the district court's order here i understand i might have written it differently but but we're not bound by it on a de novo review with the allegations that i just told you would that not plausibly state that that the officers again plausibly not that they did not that it's going to be proven but plausibly that they were the ones who contributed to some of the violence i would submit to the court that it's more of a possibility that they engage in the bomb that and or dichotomy creates their their alleging a possibility as opposed to a plausibility thank you